UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN EDWARD-HENRY BRADLEY,

        Petitioner,                                Case Number: 1:23-cv-11154
                                                         Honorable Thomas L. Ludington

v.

ANTHONY MEROLLA, CHIEF PROBATION
OFFICER,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Between 2009 and 2015, Petitioner Benjamin Edward-Henry Bradley ran a drug trafficking conspiracy that distributed large amounts of opioids throughout Tennessee and Michigan. In June 2016, Petitioner pleaded guilty to conspiring to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a) and 846, and conspiring to commit money laundering, in violation of 18 U.S.C. § 1965(h). Petitioner was sentenced to 17 years' imprisonment and subject to an order of criminal forfeiture which prompted several appeals.

---

[1] The proper respondent in a habeas case when the petitioner is on supervised release is "typically the [C]hief [P]robation [O]fficer in the office of the United States Probation Services for the district in which the petitioner resides." *Chaner v. United States*, No. 122CV01140JDBJAY, 2022 WL 4279732, at *1 (W.D. Tenn. Sept. 15, 2022); *see also Trowell v. Merolla*, No. 23-CV-11854, 2023 WL 5615963, at *1 n.1 (E.D. Mich. Aug. 30, 2023); 18 U.S.C. § 3642(e) ("A prisoner whose sentence includes a term of supervised release after imprisonment shall be released ... to the supervision of a probation officer[.]"); 18 U.S.C. § 3602(c) ("If the court appoints more than one probation officer, one may be designated by the court as chief probation officer and shall direct the work of all probation officers serving in the judicial district."). Petitioner is currently confined in his Detroit, Michigan home, ECF No. 1 at PageID.1, and Anthony Merolla is the current Chief Probation Officer for the United States Probation Office for the Eastern District of Michigan. *Directory*, U.S. PROB. DEP'T – E. DIST. MICH., https://www.miep.uscourts.gov/directory.cfm (last visited October 3, 2023) [https://perma.cc/RNB6-MGLC].

Petitioner, currently on home confinement as a condition of supervised release, now seeks habeas relief under 28 U.S.C § 2241. But Petitioner has already unsuccessfully sought to vacate his conviction and sentence under 28 U.S.C. § 2255 on two different occasions and his current petition does not fall into a § 2255(h) exception allowing a second, subsequent collateral attack of a sentence. Accordingly, in light of the Supreme Court's recent holding in *Jones v. Hendrix*, Petitioner cannot utilize § 2255(e)'s saving clause which provides for habeas relief when a second § 2255 motion would be "inadequate or ineffective." Accordingly, his petition will be denied for lack of subject matter jurisdiction.

I.

Between 2012 and 2015, Petitioner Benjamin-Henry Bradley trafficked painkillers from Detroit, Michigan to central Tennessee alongside 17 coconspirators. *See United States v. Bradley*, 897 F.3d 779, 782 (6th Cir. 2018).

On June 8, 2016, Petitioner pleaded guilty in the United States District Court for the Middle District of Tennessee to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846 (Count I), and one count of money laundering, in violation of 18 U.S.C. § 1965(h) (Count II). *United States v. Bradley*, No. 3:15-CR-00037-2, 2017 WL 2691535, at *1 (M.D. Tenn. June 22, 2017), *vacated and remanded*, 897 F.3d 779 (6th Cir. 2018). The Middle District of Tennessee sentenced Petitioner to 17 years' imprisonment and "ordered [Petitioner] to forfeit [the] currency that the police seized and real property that he used in the conspiracy and at least a million dollars in cash[.]" *Bradley*, 897 F.3d at 782.

On appeal, the Sixth Circuit affirmed Petitioner's prison sentence but reversed the forfeiture order based on the Supreme Court's decision in *Honeycutt v. United States*, 581 U.S.

443 (2017),[2] because the Middle District of Tennessee "did not make any factual findings about how much money [Petitioner] obtained" and "[b]ack-of-the envelope calculations cannot justify th[e] million-dollar order without affecting [Petitioner's] substantial rights and the fairness of the forfeiture proceeding." *Bradley*, 897 F.3d at 783.

On remand, the Middle District of Tennessee made the factual findings mandated by the Sixth Circuit and entered a forfeiture judgement against Petitioner in the amount of $1,000,000. *United States v. Bradley*, No. 3:15-CR-00037-2, 2019 WL 3934684, at *17 (M.D. Tenn. Aug. 20, 2019), *aff'd*, 969 F.3d 585 (6th Cir. 2020). The court emphasized that this was the "maximum total to which the [G]overnment is entitled" and that "the value of the forfeited real estate and cash by [Petitioner] shall be credited toward the $1,000,000." *Id.* at *18. This time, the Sixth Circuit affirmed. *United States v. Bradley*, 969 F.3d 585 (6th Cir. 2020).

On July 29, 2019, Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate his sentence, which was denied in March 2020. *Bradley v. United States*, No. 3:19-CV-00643, 2020 WL 1274768, at *5 (M.D. Tenn. Mar. 17, 2020).[3]

---

[2] Noting that the criminal forfeiture statute bars joint and several liability for forfeiture judgements and stated that criminal forfeiture is "limited to the property the defendant himself *actually acquired* as the result of the crime." *See Honeycutt*, 581 U.S. at 448, 454 (emphasis added).

[3] Petitioner's § 2255 Motion attacked his conviction and sentence on five grounds. "In Ground One, he alleges that '[t]rial counsel was ineffective for not challenging Count One that charged a drug conspiracy under 21 U.S.C. § 846 that failed to charge the necessary element 'knowingly.' In Ground Two, he alleges: '[a]t sentencing hearing when Court asked the Bostic question, [his] counsel was ineffective for not objecting to the inadequacy of the Court[']s expl[a]nation for finding drug amount.' In Ground Three, he alleges that '[c]ounsel was ineffective at sentencing for with[h]olding evidence and not calling witnesses to rebut[ ] Government Agent's testimony.' In Ground Four, he alleges: '[his] plea of guilty was not 'knowingly, voluntarily, or intelligently' entered because [he] was not advised of the co[n]sequences of [his] plea by the Indictment . . . by [the] Court, the Prosecutor, or [his] counsel.' And in Ground Five, he alleges that he will be entitled to relief in light of the pending Supreme Court case of *Holguin-Hernandez v. United States*, No. 18-7739, regardless of how it turns out." *Bradley*, 2020 WL 1274768 at *5 (internal citations omitted).

In May 2022, Petitioner filed a second § 2255 Motion in the Middle District of Tennessee, asserting that his defense attorneys were ineffective in (1) misadvising him about a plea offer, (2) lacking knowledge on forfeiture law, (3) failing to make certain sentencing-disparity arguments, (4) failing to seek resentencing after the forfeiture order was entered, and (5) failing to challenge a search warrant that led to the seizure of Petitioner's assets. *In re Bradley*, No. 22-5580, 2022 WL 19976482, at *1 (6th Cir. Nov. 15, 2022), *cert. denied sub nom. Bradley v. United States*, 143 S. Ct. 2682 (2023). The Middle District of Tennessee determined that Petitioner's § 2255 Motion was a "second or successive" motion and transferred it to the Court of Appeals for a determination whether Bradley could proceed under 28 U.S.C. § 2255(h), which allows "second or successive motion" attacking a sentence to proceed *only* if there is: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See id.*; *see also Trowell v. Merolla*, No. 23-CV-11854, 2023 WL 5615963, at *2 (E.D. Mich. Aug. 30, 2023). The Sixth Circuit found neither and denied Petitioner's motion to proceed with his second § 2255 Motion. *In re Bradley*, 2022 WL 19976482, at *2.

Then, on May 16, 2023, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this Court. ECF No. 1. Petitioner argues that he is being subject to home confinement in violation of the Constitution because: (1) the "Government should not be allowed to proceed with seizure of forfeited property until [the] forfeiture issue [is] finalized by the Supreme Court[;]" (2) his "home was not purchased with proceeds from [a] drug dealing" and he

"was never afforded constitutionally effective representation to defend against forfeiture;" and (3) "[t]he search warrant for 45669 Harmony Lane[4] was invalid." *Id.* at PageID.6–7.

## II.

Those in custody "generally must challenge their federal conviction or sentence by filing a motion under 28 U.S.C. § 2255." *Faulds v. Hemingway*, No. 1:23-CV-10627, 2023 WL 4919647, at *1 (E.D. Mich. Aug. 1, 2023) (citing *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) and *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). On the other hand, a § 2241 petition for habeas corpus relief is "ordinarily limited to challeng[ing] the manner or execution of sentence. *Id.*; *see also United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition.").

As "the primary means for a federal prisoner to challenge his conviction or sentence," *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021), 28 U.S.C. § 2255 allows those in custody to claim the right of release if their sentence violated the Constitution or federal law, the sentencing court had no jurisdiction, the sentence was excessive as a matter of law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Prisoners are generally limited to filing one motion under § 2255 unless they can satisfy one of two limited exceptions concerning: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

---

[4]45669 Harmony Lane was, at the time of forfeiture, Petitioner's real property. On remand from the Sixth Circuit, the Middle District of Tennessee found that "[t]he [G]overnment's evidence [was] sufficient to establish by a preponderance of the evidence that the Harmony Lane house was purchased during the course of the conspiracy" and that Petitioner's "income from legitimate sources was not sufficient to have allowed him to . . . purchase the house[.]" *Bradley*, 2019 WL 3934684, at *17.

found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at § 2255(h).

28 U.S.C. § 2255 limits the ability of those in custody to apply for habeas relief, providing that a habeas petition "shall not be entertained" if either (1) "the applicant has failed to apply for relief, by motion, to the court which sentenced him" or (2) "such court has denied him relief." *Id.* at § 2255(e) (emphasis added). However, there is a "savings clause" which allows a petitioner to petition for habeas relief if "it appears that the [§2255 motion] is inadequate or ineffective to test the legality of detention." *Id.; see also Taylor*, 990 F.3d at 496.

Historically, many federal courts, including the Sixth Circuit Court of Appeals, allowed federal prisoners a "workaround" to challenge their conviction or sentence via a § 2241 habeas petition under this § 2255 "saving clause" when a second or subsequent § 2255 motion would be barred under § 2255(h)—interpreting that the second §2255 motion would be "inadequate or ineffective." *See Jones v. Hendrix*, 599 U.S. 465, 477 (2023) (abrogating *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003)).

But this changed in June 2023 when the Supreme Court decided *Jones v. Hendrix* and held that "the [§ 2255] savings clause does not authorize [such an] end-run around[.]" *Id.* The Court explained that the § 2255 savings clause only "preserves recourse to § 2241 [habeas petitions] in cases where unusual circumstances[5] make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on [a] sentence." *Id.* at 478. The Court concluded that § 2255(h) "specifies the two limited conditions in

---

[5] Such unusual circumstances may exist when, for example, the sentencing court has been dissolved or no longer exists or where "it is not practicable for the prisoner … to be present at the hearing." *Jones*, 599 U.S. at 474.

which Congress has permitted federal prisoners to bring a second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the [§ 2255] savings clause. It means that he cannot bring it at all." *Id.* at 480; *see also Joseph v. Dunbar*, No. 21-1191, 2023 WL 5093488 (6th Cir. Aug. 8, 2023).

### III.

Petitioner now tries, for a third time, to attack his sentence—this time using a § 2241 habeas petition. But the result does not change. Petitioner may only bring his current Habeas Petition—which is, in substance, another collateral attack on his sentence—if one of the two exceptions in § 2255(h) apply. *See Jones v. Hendrix*, 599 U.S. at 480. But neither do.

In his current § 2241 Petition, Petitioner asserts that "the search warrant for 45669 Harmony Lane was invalid" and that he "was never afforded constitutionally effective representation to defend against forfeiture." ECF No. 1 at PageID.7. But Petitioner raised both grounds in his 2020 § 2255 Motion which was rejected by the Sixth Circuit as a second or successive collateral attack on his sentence. *Compare id. with In re Bradley*, 2022 WL 19976482, at *1 (noting that Petitioner's second §2255 Motion argued his counsel "failed to challenge" the 45669 Harmony Lane search warrant and "lacked knowledge of forfeiture law"). The only new ground Petitioner asserts in his § 2241 Petition is that "the Government should not be allowed to proceed with seizure of forfeited property until [the] forfeiture issue [is] finalized by the Supreme Court" because Petitioner believes "[h]is claim is now in front of the Supreme Court for review" and that premature seizure would be improper. ECF No. 1 at PageID.6–7. But Petitioner is mistaken—the Supreme Court has denied his petitions for writ of certiorari at every turn. *See Bradley v. United States*, 139 S. Ct. 1221 (2019); *Bradley v. United States*, 141 S. Ct. 2763 (2021);

*Bradley v. United States*, 143 S. Ct. 2682 (2023). Further, even if Petitioner's case was pending Supreme Court review, this would not fall under one of the "enumerated two—and only two—conditions in which a second or successive" collateral attack on sentencing may proceed: when "newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the original offense" exists or when "a new rule of constitutional law [has been] made retroactive by the Supreme Court." *Jones*, 599 U.S. at 477 (discussing 28 U.S.C. § 2255(h)).

Because Petitioner already filed an unsuccessful § 2255 Motion, and because neither § 2255(h) exception applies, Petitioner's attempt to file a § 2241 Petition based on the § 2255 savings clause fails. *See Joseph v. Dunbar*, No. 21-1191, 2023 WL 5093488 (6th Cir. Aug. 8, 2023) (denying § 2241 Petition where petitioner had already filed an unsuccessful § 2255 motion because petitioners cannot "use § 2241 as an 'an end-run around' [to] § 2255(h)'s rules."). Thus, his Petition will be dismissed for lack of subject-matter jurisdiction. *See In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (dismissing a habeas petition for lack of subject matter jurisdiction).

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal. Any appeal of this order would not be taken in good faith, so Petitioner will be denied leave to appeal *in forma pauperis*.[6] *See* FED. R. APP. P. 24(a).

---

[6] "If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis, along with a supporting affidavit, in the United States Court of Appeals for the Sixth Circuit within 30 days*." Thomas v. Batts*, No. 218CV02064TLPTMP, 2019 WL 921460, at *2 n.1 (W.D. Tenn. Feb. 25, 2019).

**IV.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes the above-captioned case.**

Dated: October 16, 2023                               s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge